# CHARLESTON

### DANIELS *v.* McLAUGHLIN *et al.*

Submitted September 12, 1911.    Decided January 14, 1913.

VENDOR AND PURCHASER—*Contract—Action for Price.*
     A deed contains an acknowledgment of indebtedness in the

following words: "The residue of Four Hundred ($400.00) Dollars to be paid upon a note of the first party now in the Beverly Bank, as soon as said note comes due;" on this the grantor, the first party, may maintain an action to recover the sum if it is not paid as therein stipulated. The stipulation is for his benefit; not for the benefit of the bank.

Error to Circuit Court, Randolph County.

Action by George H. Daniels against L. B. McLaughlin and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*W. B. & E. L. Maxwell,* for plaintiff in error.

ROBINSON, JUDGE:

Plaintiff sold and conveyed standing timber to defendants. The payment of four hundred dollars of the purchase money was deferred. In the deed it was stipulated that the sum was to be paid by the grantees on a note of the grantor "in the Beverly Bank, as soon as said note comes due." This action of debt is for the recovery of the sum under the contract. Demurrer to the declaration was sustained, and plaintiff declining to amend, the action was dismissed.

We have no brief in support of the judgment sustaining the demurrer. The pleading is a direct and concise one.     It clearly states a case showing plaintiff entitled to recover the sum. In plaintiff's brief it is said that the court below held that the stipulation as to the payment of the deferred purchase money gave the right of recovery to the bank, not to plaintiff. In other words, that the covenant for the payment of the money was made for the benefit of the bank. This view is erroneous. The declaration plainly shows, by setting forth of the deed, that the covenant for the payment of the deferred purchase money was made for the benefit of plaintiff, the grantor. It is in these words: "The residue of Four Hundred ($400.00) Dollars to be paid upon a note of the first party now in the Beverly Bank, as soon as said note comes due." This is not an acknowledgment of indebtedness to the bank. Nor is it an agreement to pay the money to the bank, for the benefit of the bank. It does not come within Code 1906, ch. 71, sec. 2. It is an agreement to pay the money to the plaintiff ·

by applying the amount on some note of his in the bank.   The benefit is to plaintiff, not to the bank.    It does not appear that the bank has any interest in the note, or will receive the benefit of the payment.   Certainly the benefit of the payment will go to plaintiff, if it is applied on a note which he owes.   The money belongs to him until applied on the note, for his benefit.   If not applied, he may sue for it.

The declaration fully avers that defendants did not make the payment to plaintiff in the manner and at the time stipulated in the deed and that the sum remains wholly unpaid to him. It was error to sustain the demurrer.   We must reverse the judgment, overrule the demurrer, and remand the case.

*Reversed and Remanded.*